UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QaSHONTAE SHORT,

    Plaintiff,

                                        Case No. 19-13715
                                        District Judge Victoria A. Roberts
                                        Magistrate Judge Anthony P. Patti

v.

FLINT POLICE DEPARTMENT,
MICHIGAN STATE POLICE
DEPARTMENT,
BURTON POLICE DEPARTMENT,
OFFICER CONQUEST,
MT. MORRIS POLICE DEPARTMENT,
CHARLES FORRESTER, JR.

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AND SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT [ECF No. 1]

Plaintiff QaShontae Short, ("Short") proceeding *pro se,* filed the above suit. Short's allegations are sparse and unclear, but it appears she alleges to have been assaulted and harassed by several different police officers. Short alludes to numerous violations of state statutes – excessive force, sexual assault, retaliation, and stalking – and requests $300 million, or alternatively, $10 million per year for two and a half years.

1

Short filed an application to proceed *in forma pauperis.* [ECF No. 2]. Short's application supports her claim of pauper status. The Court **GRANTS** Short's application.

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. *See* Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). When a plaintiff asks the Court to waive fees and costs because she cannot afford to pay, the Court must screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke,* 490 U.S. at 327-28).

The Court reviewed the allegations set forth in Short's complaint pursuant to 28 U.S.C 1915(e)(2)(B) and 1915A(b)(1) and finds it must be

2

dismissed because it is frivolous and fails to state any plausible claim upon which relief may be granted. For starters, Short claims federal question jurisdiction; however, she only lists state laws allegedly violated by defendants.

In addition, Short does not clearly state against which defendant or defendants each claim is made, and fails to provide a factual basis sufficient to establish each claim. A plaintiff must "give the defendant[s] fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

Although she describes several instances of alleged abuse from different police officers, the allegations are sparse and unclear. Principles requiring generous construction of *pro se* pleadings are not without limits,

3

and Short's complaint on its face fails to state any plausible claim on which this Court may grant her relief.

Short's application to proceed in forma pauperis (ECF No. 2) is **GRANTED**, but her amended complaint (ECF No. 6) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e).

**IT IS ORDERED.**

Dated: January 3, 2020         s/ Victoria A. Roberts
                               Victoria A. Roberts
                               United States District Judge